UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELFINA MOTA; PAUL IHEANACHOR; CORRINA SALAZAR;<br><br>Plaintiffs,<br><br>v.<br><br>TRI-CITY HEALTHCARE DISTRICT dba TRI-CITY MEDICAL CENTER; SANDRA LOPEZ, M.D.; VISTA COMMUNITY CLINIC; DAVID SEIF, M.D.; ANESTHESIA SERVICE MEDICAL GROUP, INC.; and DOES 1 through 31, inclusive;<br><br>Defendants. | Case No.: 3:18-cv-02775-AJB-NLS<br><br>**ORDER:**<br><br>**(1) GRANTING UNITED STATES' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION;**<br><br>**(2) DENYING DEFENDANTS DAVID SEIF, M.D., AND ANESTHESIA SERVICE MEDICAL GROUP, INC.'S MOTION TO DISMISS; AND**<br><br>**(3) SUA SPONTE REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**(Doc. Nos. 6, 16)** |

Defendant United States of America ("United States") brings its motion to dismiss for lack of subject matter jurisdiction alleging Plaintiffs failed to exhaust their administrative remedies. (*See* Doc. No. 16-1.) Plaintiffs Delfina Mota, Paul Iheanachor, and Corrina Salazar filed a joint notice of non-opposition to United States' motion to

1

dismiss. (Doc. Nos. 19, 20, 21.)[1] Pursuant to Civil Local Rule 7.1.d.1, the Court finds this matter suitable for determination on the papers and without oral argument.

For the reasons discussed herein, the Court **GRANTS** the United States' motion to dismiss, **DENIES** as moot Defendants David Seif, M.D. and Anesthesia Service Medical Group, Inc.'s motion to dismiss and *sua sponte* **REMANDS** the case for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiffs Mota, Iheanachor, and Salazar (collectively "Plaintiffs") bring this action against the five named Defendants, Tri-City Healthcare District dba Tri-City Medical Center ("Tri-City Medical Center"), Sandra Lopez, M.D. ("Lopez"), Vista Community Clinic ("VCC"), David Seif, M.D. ("Seif"), and Anesthesia Service Medical Group, Inc. ("ASMG") (collectively "Defendants"), in connection with the treatment and care received by Mota during the labor and delivery of her child, on or about November 16, 2017. (*See generally* Doc. No. 1-3.) Specifically, this case involves the performance of a C-section on Mota. (*Id.*)

This action was originally filed in California Superior Court, County of San Diego, Case No. 37-2018-00034758-CU-MM-NC. The United States subsequently certified Defendants Lopez and VCC under 42 U.S.C. § 233(c) and (g), respectively, as acting within the scope of their employment and substituted in place of Lopez and VCC. On December 10, 2018, the United States removed this action under 42 U.S.C. § 233(c) to this Court.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Under 42 U.S.C. § 233(c), "[u]pon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding

---

[1] Plaintiffs filed a single, joint notice of non-opposition three times. All subsequent citations to the joint notice of non-opposition will be to the first, Doc. No. 19, only.

commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under [28 U.S.C. § 2671 *et seq.*, the Federal Tort Claims Act ("FTCA")]."

Section 2675(a) of the FTCA requires any claimant to first file a claim with the appropriate federal agency and await final denial before commencing a civil action. 28 U.S.C. § 2675(a); *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985). The section 2675(a) requirement "is jurisdictional in nature and may not be waived." *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992) (citations omitted). Actions filed prior to final denial of the claim by the agency, or prior to allowing six months to elapse from the date of filing the administrative claim, fail to meet this requirement and are properly dismissed for lack of subject matter jurisdiction. *See id.*

## II. DISCUSSION

Under section 2675(a) of the FTCA, made applicable to this action by 42 U.S.C. § 233(c), Plaintiffs were required file an administrative claim with the appropriate agency; here, the Department of Health and Human Services. The United States asserts Plaintiffs did not exhaust their administrative remedies. (Doc. No. 16-2 at 2.) In response, Plaintiffs filed a joint notice of non-opposition to the United States' motion noting they have a pending administrative claim, (Doc. No. 19), impliedly acknowledging they have not met the FTCA's jurisdictional requirement. Finding that this motion is unopposed and procedurally proper, the Court **GRANTS** this motion to dismiss the United States from this action for lack of subject matter jurisdiction. (Doc. No. 16.)

Consequently, with dismissal of the United States from this action, this Court no longer has subject matter jurisdiction over the remaining claims and must remand the matter. *See Smith v. Mylan Inc.*, 761 F.3d 1042, 1043 (9th Cir. 2014) (holding that a district court may "remand at any time prior to final judgment for lack of subject matter jurisdiction"). The Court does not have federal question jurisdiction over the present action

as all causes of action arise out of California state law. *See* 38 U.S.C. § 1331. Additionally, the Court does not have diversity jurisdiction over the present action. For a federal court to exercise diversity jurisdiction there must be "complete diversity" between the parties and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Here, neither the first amended complaint nor the notice of removal allege jurisdictional facts to satisfy the requirements for diversity jurisdiction. (*See generally* Doc. No. 1.) Thus, the Court lacks jurisdiction over the matter. *See* 28 U.S.C. §§ 1331, 1332(a)(1).

Accordingly, the Court **GRANTS** the United States' motion to dismiss, **DENIES** Defendants Seif and ASMG's motion to dismiss as moot and *sua sponte* **REMANDS** this action for lack of subject matter jurisdiction to the Superior Court of California County of San Diego.

**IT IS SO ORDERED.**

Dated: April 5, 2019

Hon. Anthony J. Battaglia
United States District Judge